# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00186 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHNATHAN BREAUX | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is a pro se filing styled as a "Correction of Good Credits" submitted by Defendant Johnathan Breaux ("Breaux"). See Record Document 420. For the reasons set forth below, the motion is **DENIED**.

Breaux has been incarcerated since 2018. See Record Document 420 at 1. He represents that he was detained at the Acadia Parish Prison while awaiting trial on state charges and was later indicted on federal drug conspiracy charges in July 2018. See id. He was relocated to Lafayette Parish Prison and remained there for approximately fourteen months. See id. On September 9, 2019, he was sentenced in this Court to 188 months of imprisonment to be served in the custody of the Federal Bureau of Prisons ("BOP"). See id.

Breaux further states that he believed his federal and state credits would "run together." See id. at 2. Upon arrival at FCI Hazelton in March 2025, he received paperwork indicating that he had only eleven days of good-earned credit. See id. He asserts that he has been incarcerated continuously since 2018 without bonding out, is currently enrolled in GED programming, is employed with Federal Prison Industries (UNICOR), and has no disciplinary infractions. See id. He asks this Court to correct his good-time credits so that he may receive additional credit toward his sentence. See id.

## LAW AND ANALYSIS

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. The Supreme Court has made clear that district courts do not compute sentencing credit at sentencing or thereafter. See United States v. Wilson, 503 U.S. 329, 335–36 (1992). If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. See id. After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). In this case, Breaux has made no showing that he has exhausted his administrative remedies through the BOP.

Accordingly,

**IT IS ORDERED** that Breaux's Motion requesting a correction of good credits is **DENIED WITHOUT PREJUDICE** to his right to re-file after he has exhausted his administrative remedies with the BOP.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of February, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT